# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNLAP PROPERTY GROUP, INC., <br> Plaintiff, <br> v. <br> DHIRA YESUFU, and DOES 1 TO 10, <br> Defendants. | Case No. SA CV 15-1457 JVS (JCGx) <br> **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

On September 9, 2015, Dhira Yesufu ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis* ("Request"). [Dkt. Nos. 1, 3.] On September 11, 2015, Dunlap Property Group, Inc. ("Plaintiff") filed a motion to remand ("Motion"). [Dkt. No. 8.] The Court has denied Defendant's Request under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

1

In the Notice, Defendant contends that the Court may exercise federal-question jurisdiction over the action. (Notice at 2); *see* 28 U.S.C. §§ 1331, 1441(a). In particular, Defendant alleges that Plaintiff's complaint "attempts to state a cause of action" under the Protecting Tenants at Foreclosure Act ("PTFA"). (Notice at 2.)

Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer. [*See* Dkt. No. 1 at 9-12.] "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). Moreover, the PTFA does not appear on the face of Plaintiff's well-pleaded complaint. [*See* Dkt. No. 1 at 9-12.] As such, the PTFA does not provide a basis for federal-question jurisdiction. *See Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim"); *Deutsche Bank Nat'l Trust Co. v. Eaddy, 2012 WL 4173987*, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").

Thus, there is no basis for removal under 28 U.S.C. § 1441(a).

//
//
//
//
//
//
//
//

Accordingly, IT IS ORDERED that: (1) Plaintiff's Motion be GRANTED[1]; (2) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (3) the Clerk send a certified copy of this Order to the state court; and (4) the Clerk serve copies of this Order on the parties.

DATED: September 18, 2015

                                        HON. JAMES V. SELNA
                                    UNITED STATES DISTRICT JUDGE

---

[1] Accordingly, Plaintiff's "Ex-Parte Application to Shorten Time on Plaintiff's Motion to Remand This Case to State Court," [Dkt. No. 7], is DENIED AS MOOT.